# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JORDAN ZEICHNER, TIM PETERSON, MICHAEL SASGEN, LANZY KANDEH, RENE TIO, JOHN DADDABO, DENNIS HANSCOM, and CRAIG SCHNAPPINGER,**

On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

**NORDVPN S.A, TEFINCOM S.A. d/b/a NORDVPN, and NORDSEC B.V.,**

Defendants.

Civil Case No.: 1:25-cv-2571-ER

**CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabbo, Dennis Hanscom, and Craig Schnappinger ("Plaintiffs"), on their own behalf and on behalf of the Class Members, and Defendants Nordvpn S.A., Tefincom SA d/b/a NordVPN, Nordsec B.V., and Lagosec, Inc. ("Defendants") (together, the "Parties"), hereby enter into this Class Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") pursuant to Federal Rule of Civil Procedure 23, subject to this Court's approval.

## I. RECITALS

1. WHEREAS on March 28, 2025, this proposed class action ("Action") was filed in the United States District Court for the Southern District of New York under the caption *Lanzy Kandeh, on behalf of herself and of all others similarly situated v. Nordvpn S.A, Tefincom S.A. d/b/a NordVPN, and NordSec B.V.*, No. 25 Civ. 02571, alleging violations of, *inter alia*, New York's Automatic Renewal Law, G.B.L. §§ 527–527a, *et seq.*, and New York's General Business Law § 349.

2. WHEREAS on August 3, 2026, Plaintiffs amended the complaint to consolidate the Action with pending actions in six other courts under the amended caption Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabo, Dennis Hanscom, and Craig Schnappinger on behalf of themselves and all others similarly situated v. Nordvpn S.A., Tefincom SA d/b/a NordVPN, and Nordsec B.V., adding alleged violations of, *inter alia*, California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770, Colorado's Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*, Illinois's Automatic Contract Renewal Act, 815 ILCS 601/1, *et seq.*, Illinois's Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, Massachusetts's Consumer Protection Act, Mass. Gen. Laws Ch.93A, §§ 1, *et seq.*, Connecticut's Unfair Trade Practices Act,

C.G.S.A. §§ 42-11a, *et seq.*, North Carolina's Automatic Renewal Law, N.C.G.S. §§ 75-41, *et seq.*, North Carolina's Unfair and Deceptive Practices Act, N.C.G.S. §§ 75-1.1, *et seq.*, Virginia's Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.*, and the common law.

3. WHEREAS, Defendants deny all allegations of wrongdoing, liability, fault, and damages; deny that Plaintiffs, the Named Plaintiffs, the Settlement Class, or any Class Member is entitled to any relief; deny that any class could be certified for litigation purposes; and maintain that they have meritorious defenses to the claims asserted. Nevertheless, solely to avoid the burden, expense, risk, and uncertainty of continued litigation, and without any admission or concession of liability, fault, or wrongdoing, Defendants enter into this Agreement to fully and finally resolve the Action, the Related Actions, and the Released Claims on the terms set forth herein.

**NOW THEREFORE**, the Parties, by and among themselves, and through their respective attorneys, hereby **STIPULATE AND AGREE** as follows:

## II. DEFINITIONS

4. **"Action"** means the case in the United States District Court for the Southern District of New York now entitled *Zeichner v. Nordvpn S.A., et al.*, No. 25 Civ. 02571 (ER) (S.D.N.Y.), originally filed on March 28, 2025.

5. **"Agreement"** means this Class Action Settlement Agreement.

6. **"Approved Claim"** means a Claim Form submitted by a Class Member that: (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed (electronically or physically) by the Settlement Class Member; and (d) is approved by the Settlement Administrator pursuant to the

provisions of this Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a settlement payment as set forth in this Agreement.

7. **"Authorized Claimant"** means a Class Member who submits an Approved Claim.

8. **"Claims Deadline"** means the date by which a Claim Form must be postmarked or submitted electronically to be considered timely. The Claims deadline shall be ninety (90) calendar days following the Notice Date. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

9. **"Claim Form"** means the document substantially in the form attached hereto as **Exhibit A**, as approved by the Court. Class Members who wish to receive a distribution from the Settlement Fund must submit a Claim Form, which will be provided in electronic format to Class Members as part of the Notice Plan and available to download from the Settlement Website. The Claim Form will provide Class Members with the option of having their settlement payment transmitted to them via hard copy check or electronically, through Automated Clearing House ("ACH") transfer, prepaid Mastercard or to a designated PayPal, Zelle, or Venmo account.

10. **"Class"** means all persons in the United States who at any time between April 26, 2020, and January 1, 2025 (the **"Class Period"**) enrolled in an automatically renewing subscription to a Nord Service through the Nord Websites during the Class Period and paid at least one subscription renewal charge that was not later fully refunded. For purposes of this definition, renewing subscription charges appear in Nord's data as "subscription" charges, and initial enrollment charges are categorized as "authorization" charges. Customers charged only "authorization" charges but not renewing "subscription" charges are not included within the Settlement Class. For the avoidance of doubt, persons who purchased a Nord Service via the Apple App Store or Google Play Store are excluded from the Class. Also excluded from the Class are

Nord; any parent, subsidiary, or affiliate of Nord; any entity in which Nord has or has had a controlling interest, or which Nord otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Nord. Also excluded are all federal, state and local government entities; and any judge, justice or judicial officer presiding over this action and the members of their immediate families and judicial staff. Based on the data Nord has produced to date, the Settlement Class includes approximately 1,139,000 unique customers, with each unique email address considered a unique "customer" for purposes of the Settlement Class. Nord hereby certifies that the approximately 1,139,000 unique customers identified in the Class List represents the most current and up-to-date information that Nord has for identifying the Settlement Class. The Class List shall serve as the presumptive basis for direct notice, claim validation, and allocation of Settlement benefits. A claimant whose email address cannot be matched to the Class List may be approved as a Settlement Class Member only if the Settlement Administrator, after consultation with Class Counsel and Nord's Counsel, determines based on objective evidence that the claimant satisfies all criteria for membership in the Settlement Class. Such objective evidence may include, without limitation, account records, transaction records, receipts, payment-card records, or other reliable documentation showing that the claimant enrolled in an automatically renewing subscription to a Nord Service through the Nord Websites during the Class Period and paid at least one subscription renewal charge that was not later fully refunded. A claimant's self-certification, standing alone, shall not be sufficient to establish Class membership for a claimant who cannot be matched to the Class List. Any such approved unmatched claimant shall be treated as an Authorized Claimant and paid from the Reserve Fund, unless otherwise agreed by the Parties or ordered by the Court. For purposes of Paragraph 60, unmatched claims shall not alter the Settlement Class size or trigger any adjustment to the Settlement Fund unless

and until such claims are verified and approved pursuant to the procedures set forth in this Agreement.

11. **"Class Counsel"** means Andrey Belenky, J. Burkett McInturff, Tiasha Palikovic, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic and Scott C. Harris of Bryson Harris Suciu & DeMay PLLC.

12. **"Class Members"** or **"Settlement Class Members"** mean all members of the Class, except the following: (a) Nord and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

13. **"Class Representatives"** or **"Plaintiffs"** or **"Named Plaintiffs"** means the Named Plaintiffs who assert claims in this Action or any of the Related Actions, namely Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabbo, Dennis Hanscom, and Craig Schnappinger.

14. **"Cost and Fee Award"** means any attorneys' fees and reimbursement of actual out-of-pocket expenses awarded by the Court to Class Counsel for work performed by Class Counsel, as well as any other firm that performed approved work on behalf of Plaintiffs.

15. **"Court"** means the United States District Court for the Southern District of New York.

16. **"Cy Pres Recipient"** means an organization(s) approved by the Court to receive Cy Pres funds from non-distributable residual funds in the Escrow Account or Reserve Fund, as described in Section VII.

17. **"Defendants"** mean Nordvpn S.A., Tefincom SA d/b/a NordVPN, Nordsec B.V., and Lagosec, Inc.[1]

18. **"Effective Date"** means the date on which the settlement becomes effective, which shall mean thirty (30) days following the Court's order granting final approval of the settlement if no appeal is taken, or if an appeal is taken from the Court's order granting final approval of the settlement, ten (10) days following the date on which the Court enters a final order and judgment after resolving any appeals, whichever is later.

19. **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon by the Parties.

20. **"Excluded Class Member"** means any Class Member who has timely exercised their right to be excluded from the Class.

21. **"Exhibits"** means the exhibits to this Agreement.

22. **"Final Approval Hearing"** means a hearing to be conducted by the Court to determine the final fairness of the settlement embodied in this Agreement and whether to certify the Class for purposes of judgment on the proposal, provided that the Court grants preliminary approval and orders the Notice of Class Action Settlement, as provided for herein.

23. **"Final Judgment"** means the Final Judgment and Order of Dismissal, as entered by the Court, substantially in the form attached hereto as **Exhibit B**, which should not be entered

---

[1] The Parties acknowledge that Tefincom S.A. d/b/a NordVPN has been liquidated and is not an active entity. It is included in this Agreement for purposes of resolving and releasing claims asserted against it in the Action and Related Actions, and its execution of this Agreement is made solely through its duly authorized representative for settlement purposes.

before ninety (90) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(d).

24. **"Nord Service"** means the following services sold by Nord, either separately or as part of a bundle, to United States customers during the Class Period: NordVPN, NordPass, NordLocker, Dedicated IP, ID Theft Insurance and Cyber Extortion Insurance benefits, and the third-party service Incogni, which Nord resells but does not operate.

25. **"Net Settlement Fund"** means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, if any, less (a) all amounts approved by the Court for distribution to any person or entity other than Class Members, (b) any Service Award the Court may order for Plaintiffs, and (c) the $250,000 Reserve Fund.

26. **"Nord"** means Nordvpn S.A., Tefincom SA d/b/a NordVPN, Nordsec B.V., and Lagosec, Inc.

27. **"Nord's Counsel"** means ZwillGen PLLC.

28. **"Nord Websites"** means nordvpn.com and any other websites Nord controlled during the Class Period, including but not limited to nordcheckout.com.

29. **"Notice Date"** means the date by which the notice called for by the Notice Plan is disseminated, which shall be no later than sixty (60) days after entry of the Preliminary Approval Order.

30. **"Notice of Class Action Settlement" or the "Notice"** means the form of written notice of this Settlement, as approved by the Court in the Preliminary Approval Order. There are three versions of the Notice. The version of the Notice that will be made available to Class

Members on the Settlement Website will be substantially similar to **Exhibit C**. The version of the Notice that will be emailed or mailed to Class Members will be substantially similar to **Exhibit D**.

31. **"Notice Plan"** means the plan for providing notice to Class Members, which is described below in Section IX.

32. **"Objection/Exclusion Deadline"** means the date by which to be timely a written objection to the Settlement or an exclusion request by a person within the Class must be made to the Settlement Administrator, which shall be a date no later than sixty (60) days after the Notice Date.

33. **"Parties"** means the Class Representatives and Nord.

34. **"Preliminary Approval Order"** means the Court's order determining it will be likely to approve the Settlement under Rule 23(e)(2) and certify the Class for purposes of judgment, approving and directing notice, and setting the Final Approval Hearing, substantially in the form attached hereto as **Exhibit E**.

35. **"Related Actions"** mean the following actions: *Zeichner v. Nord Security, et al.*, No. 24 Civ. 02462-JSC (N.D.CA); *Peterson v. Nordvpn S.A., et al.*, No. 24 Civ. 03218-MEH (CO); *Sasgen v. Nordvpn, S.A., et al.*, No. 25 Civ. 06822 (N.D. Ill.); *Tio v. Nordvpn S.A., et al.*, No. 25 Civ. 13374 (D. MA.); *Hanscom v. Nordvpn S.A.*, 24-CV-057887-590 (North Carolina Superior Court); *Hanscom v. Nordsec Ltd, et al.*, No 3:24-cv-00277 (W.D.N.C.); *Daddabbo v. Nordvpn, S.A., et al.*, No. 26 Civ. 00558 (D. Conn.); and *Schnappinger v. Nordvpn, S.A., et al.*, No. 26 Civ. 00982 (E.D.Va). The Parties agree to work in good faith to accomplish all acts necessary to obtain the dismissal with prejudice of presently pending Related Actions within thirty (30) days of the Effective Date.

36. **"Released Claims"** means any and all actions, causes of action, claims, demands, liabilities, lawsuits, arbitrations, obligations, damages (including, without limitation, punitive, exemplary and multiple damages), penalties, sanctions, losses, debts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever, whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity or otherwise, arising from or related to allegations in the Action or Related Actions (including all claims arising from or related to charges for Nord Services) that accrued during the Class Period and that were asserted or could have been asserted by the Releasing Parties against the Released Parties, or vice versa.

*37.* **"Released Parties"** means all named defendants in all cases covered by this settlement agreement, including this Action and all Related Actions, and any and all of their present or former predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

*38.* **"Releasing Parties"** means Plaintiffs and Settlement Class Members, and all of their respective present, former, and future heirs, executors, administrators, representatives, agents, attorneys, predecessors-in-interest, successors, assigns, and legatees.

39. **"Reserve Fund"** shall mean the $250,000.00 reserved from the Settlement Fund identified above to address errors and omissions in the calculation of Class Members' individual shares of the settlement, including but not limited to (a) claims from individuals claiming to be Settlement Class Members but not identified as such by Nord, (b) Class Members who correctly

challenge their share of the Settlement Fund, and (c) Class Members who have reasonable explanations for not having timely cashed their checks. The Reserve Fund shall remain open through the 18-month anniversary date of the Effective Date, upon which time all funds not distributed from the reserve fund shall be distributed to one or more *Cy Pres* recipients.

40. **"Service Awards"** means any amounts totaling no more than $40,000 awarded by the Court to the Named Plaintiffs following the written motion or application for such award, which Nord will not oppose.

41. **"Settlement Administration Expenses"** means the reasonable expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from Class Members, providing settlement payments, related services, and the costs of the Escrow Account. All Settlement Administration Expenses are to be deducted from the Settlement Fund. The Parties agree to negotiate in good faith as to any circumstances in which the Settlement Administration Expenses exceed what is otherwise normal for a case of this size.

42. **"Settlement Administrator"** means the third-party class action administrator selected by the Parties as appointed by the Court in the Preliminary Approval Order.

43. **"Settlement Amount"** means $18,000,000.00 in United States Dollars.

44. **"Settlement Fund"** means the non-reversionary cash fund equal to the Settlement Amount, to be deposited by Nord in accordance with the terms of this Settlement Agreement into the Escrow Account. The Settlement Fund includes all interest and income that accrues on the sums deposited in the Escrow Account. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund. In no event shall Nord's total monetary obligation with respect to this Agreement exceed $18,000,000.00 in United States currency, except as described in Sections IV and V herein.

45. **"Settlement Website"** means the case-specific website containing Notice and other Settlement documents maintained by the Settlement Administrator.

## III. CERTIFICATION OF THE CLASS

46. For purposes of the Settlement, Plaintiffs shall ask the Court to certify the Class under Federal Rule of Civil Procedure 23.

47. Nord agrees that this Action may be certified as a class action for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest class certification if this Agreement fails to reach the Effective Date or is not fully implemented in accordance with its terms.

48. The Parties agree, subject to Court approval, Class Counsel shall be appointed as class counsel and that Plaintiffs shall be appointed as class representatives pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to Defendants' right to contest these appointments in the event that this Agreement is not fully implemented in accordance with its terms. If the Settlement is not approved or this Agreement fails to be implemented fully, Defendants reserve all rights to object to any subsequent motion to appoint class counsel or class representatives in this Action.

## IV. SETTLEMENT CONSIDERATION

49. Nord agrees that as a result of the Action and Related Actions, Nord revised its practices regarding auto-renewal and canceling customers' subscriptions to the benefit of Settlement Class Members and the general public. In accordance with Nord's internal business analysis and with the assistance of Mediator Isserles, the Parties estimate the cumulative value of such improvements, as well as other improvements Nord made prior to the settlement, as not less than $18,000,000. This was calculated for the four-year period following Nord's revisions to its

auto-renewal and cancelation practices and is based on the four-year Class Period and $18 million Settlement Amount from this Agreement.

50. The Parties agree that this Agreement shall not be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Nord of any fault, liability, or wrongdoing as to any facts or claims asserted in this Action (or any infirmity in the defenses it has asserted or could assert in the Action), or any other Related Actions or proceedings, and shall not be so interpreted, construed, offered, or received in evidence or otherwise used against Nord in any other action or proceeding, whether civil, criminal or administrative.

51. Further, Nord denies any and all allegations of wrongdoing and maintains that Nord's autorenewal disclosures and charging practices for Nord Services are clear and legally compliant and that all other claims and allegations asserted in this Action and the Related Actions are likewise meritless. However, Nord believes that its resources are better spent continuing to focus on developing its services, and given that, Nord thinks it is beneficial to fully and finally settle and terminate this Action and any and all Related Actions in the manner specified and in accordance with the terms of this Agreement.

52. Nevertheless, in consideration for the mutual promises and covenants in this Agreement, including the releases set forth below, and the dismissal with prejudice of this Action and the Related Actions following the Effective Date, Nord shall provide the following Settlement benefits to Class Members.

53. Nord agrees to pay and shall deposit in the Escrow Account, as set forth below, the total amount of Eighteen Million U.S. Dollars ($18,000,000.00), subject to any adjustment required by Paragraph 54, as the cash Settlement Fund. The Settlement Fund shall become non-

reversionary as of the Effective Date, except as otherwise expressly provided in this Agreement if the Settlement is terminated or fails to become effective.

54. The number of unique customers in the Settlement Class is a material term of this Agreement. So long as the number of unique customers in the Settlement Class does not exceed 1,195,950 (an increase of 5% over 1,139,000), the Settlement Amount shall remain $18,000,000.00. If the Settlement Class exceeds 1,195,950, the Settlement Amount shall increase in proportion to the increase in Settlement Class size. For example, if the Settlement Class exceeds 1,139,000 by 10%, then the Settlement Amount shall increase by 10%. In no event shall Nord's total monetary obligation be less than $18,000,000.00, and in no event shall it be more than $18,000,000 unless the conditions precedent for the proportional adjustment described in this paragraph are met.

55. On July 13, 2026, Nord deposited the Settlement Amount into the Escrow Account. The Settlement Administrator has invested and shall maintain all monies deposited into the Escrow Account, which includes all principal and interest earned thereon, exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Except as expressly authorized by this Agreement or ordered by the Court, no distribution from the Settlement Fund shall be made to Authorized Claimants, Class Counsel, Plaintiffs, or any Cy Pres Recipient before the Effective Date. If this Agreement is terminated or otherwise fails to become effective, funds deposited by Nord shall be returned to Nord as provided in Paragraph 100.

56. Any actual interest or income earned on the Settlement Fund, if any, shall remain in the Settlement Fund and be administered in accordance with this Agreement.

57. For the avoidance of doubt, all Settlement Administration Expenses, including any Settlement Administration Expenses incurred before the Effective Date, shall be paid from and reduce the Settlement Fund. To the extent any Settlement Administration Expenses are incurred before the Escrow Account is funded, Class Counsel or the Settlement Administrator may advance those expenses and shall be reimbursed from the Settlement Fund after the Escrow Account is funded. Settlement Administration Expenses shall not be in addition to the Settlement Amount. If this Agreement is terminated or otherwise fails to become effective, the treatment of Settlement Administration Expenses shall be governed by Paragraphs 100 and 102.

58. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1, from which the Settlement Administration Fee, Class Counsel's Attorneys' Fees and Costs, Named Plaintiff Service Awards and settlement payments shall be made. Nord shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Nord shall provide to the Settlement Administrator documentation reasonably required for the Settlement Administrator to facilitate obtaining QSF status pursuant to Treas. Reg. §1.468B-l. The Settlement Administrator shall establish and maintain the QSF in accordance with applicable law and their customary settlement

administration practices. Any actual interest or other income earned on the QSF, if any, shall remain part of the Settlement Fund. The reasonable costs of establishing and maintaining the QSF shall be paid from the Settlement Fund.

59. In no event shall Nord's financial obligation under this Agreement exceed the amount of the Settlement Fund as provided for in this Section. No amount paid by Nord into the Escrow Account shall revert to Nord unless the Settlement is terminated or otherwise fails to become effective, in which case the Settlement Fund shall be returned to Nord as provided in Paragraph 100.

## V. DISTRIBUTION OF THE SETTLEMENT FUND

60. The Settlement Fund shall be distributed as follows:

a. **Deductions from the Settlement Fund.** All of the following shall be paid from the Settlement Fund prior to distribution to Authorized Claimants: Settlement Administration Expenses, including costs of providing Notice under the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715; Escrow Account or QSF tax liabilities and tax expenses; costs relating to the implementation of the Settlement, including without limitation costs charged by the Settlement Administrator in disseminating Notice to Class Members in accordance with the Notice Plan, processing Claim Forms, objections, and requests for exclusion, administering payments to Authorized Claimants, establishing and maintaining the Settlement Website, call center, and Escrow Account, the Reserve Fund, and otherwise performing the services it is obligated to perform under this Agreement; and any amounts approved by the Court for Cost and Fee Award(s) and Service Award(s). The Settlement Administrator shall separately set aside $250,000 from the Settlement Fund as the Reserve Fund before calculating the Net Settlement Fund available for distribution to Authorized Claimants. The remaining amount, plus any interest or investment

income earned on sums deposited into the Escrow Account, shall constitute the Net Settlement Fund

b. **Calculation of Individual Settlement Payments.** Payments to Authorized Claimants shall be made from the Net Settlement Fund by the Settlement Administrator as soon as reasonably practicable and no later than thirty (30) days after: (i) the Effective Date; or (ii) such other date as the Court may set, whichever occurs last. The calculation, allocation, and distribution processes shall work as follows:

i. First, using the data underlying the certified Class List, the Settlement Administrator shall determine the aggregate amount of qualifying payments made by all Authorized Claimants, consisting of non-refunded subscription renewal payments made during the Class Period for subscriptions enrolled in through the Nord Websites, net of any partial refunds

ii. Second, the Settlement Administrator shall determine each Authorized Claimant's "Percentage Allocation Number." The Percentage Allocation Number shall be calculated by (1) determining the total amount of non-refunded subscription renewal payments made by that Authorized Claimant during the Class Period for subscriptions enrolled in through the Nord Websites, net of any partial refunds, and (2) dividing that amount by the aggregate amount of such qualifying payments made by all Authorized Claimants. For purposes of this calculation, the Settlement Administrator shall use the data underlying the certified Class List.

iii. Third, the Settlement Administrator will determine each Authorized Claimant's "Initial Individual Settlement Amount" by multiplying that Authorized Claimant's Percentage Allocation Number by the Net Settlement Fund.

iv. Fourth, for Authorized Claimants whose Initial Individual Settlement Amount is less than $25.00, those Authorized Claimants will be allocated a "Minimum

Individual Settlement Amount" of $25.00. The total funds added to Authorized Claimants' Initial Individual Settlement Amount to ensure each Authorized Claimant is allocated at least the Minimum Individual Settlement Amount is referred to in this Agreement as the "Minimum Allocation Funds."

v. Fifth, the Settlement Administrator will subtract from the Net Settlement Fund the Minimum Allocation Funds. For Authorized Claimants not receiving a Minimum Individual Settlement Amount, the parties shall then determine each of those Authorized Claimant's Individual Settlement Amounts by multiplying that Authorized Claimant's Percentage Allocation Number by the Net Settlement Fund minus the Minimum Allocation Funds. The process outlined in Paragraph 60.iv–v shall be repeated as many times as is necessary to ensure each Authorized Claimant receives at least the Minimum Individual Settlement Amount, subject to the limits on the Amount of the Settlement Fund set forth in Paragraphs 53–54 and 59 above. For the avoidance of doubt, the foregoing calculation shall allocate the entire Net Settlement Fund available for distribution to matched Authorized Claimants.

vi. vi. Sixth, approved unmatched claimants shall receive an Individual Settlement Amount calculated using the same per-dollar allocation rate applicable to matched Authorized Claimants and shall be subject to the same $25.00 Minimum Individual Settlement Amount.

vii. Seventh, the Settlement Administrator shall distribute to each Authorized Claimant in a monetary payment equal to that Authorized Claimant's Individual Settlement Amount.

viii. For each Authorized Claimant, the Settlement Administrator shall pay Authorized Claims using the method designated by the Authorized Claimant on the Claim

Form, i.e., by physical check or electronic deposit via ACH transfer, a prepaid Mastercard, or to a designated PayPal, Zelle, or Venmo account.

ix. Authorized Claimants who receive a physical check shall have ninety (90) days after the date the check is mailed to cash the check. Each payment issued to a Class Member via check will state on the face of the check that it will become null and void unless cashed within ninety (90) calendar days after the date of issuance. The Settlement Administrator shall mail a reminder notice to all Authorized Claimants that have been mailed a physical check but have not cashed their checks within forty-five (45) days after the checks were mailed. If an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the problem. Any funds from checks not cashed within that ninety (90) day period, funds from checks returned as undeliverable, and funds from failed ACH, PayPal, Zelle, or Venmo transfers shall remain in the Settlement Fund. If, in consultation with the Settlement Administrator, the Parties determine that any such remaining funds can be distributed to other Authorized Claimants, or a subset of Authorized Claimants, such as those who requested payment by electronic means, in a way that is economically feasible, such funds shall be distributed accordingly, within a reasonable timeframe. If, in consultation with the Settlement Administrator, the Parties determine that a distribution to Authorized Claimants, or a subset thereof, is not economically feasible, then any such remaining funds shall be distributed by the Settlement Administrator *pro rata* to the Cy Pres Recipient(s) within a reasonable timeframe. In no event shall any such remaining funds constitute abandoned or unclaimed property.

## VI. SETTLEMENT ADMINISTRATION

61. The Claims Deadline shall be set as a date no later than ninety (90) days after the Notice Date. Class Members shall have until the Claims Deadline to submit a Claim Form. Class Members will be required to submit a Claim Form substantially in the form attached hereto as **Exhibit A.** To be valid, a Claim Form must provide a U.S. mailing address and attest that the claimant enrolled in a Nord Service between April 26, 2020, and January 1, 2025. The Claim Form shall be available for submission via the Settlement Website in electronic format and downloadable from the Settlement Website for paper or electronic submission.

62. For purposes of notice and claims administration, each unique email address maintained by Nord will be considered a distinct Class Member.

63. The Settlement Administrator shall, under the supervision of the Court and the Parties, administer the relief provided by this Settlement Agreement by providing Notice and processing Claim Forms in a reasonable, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court and the Parties as they may require. Without limiting the foregoing, the Settlement Administrator shall:

a. Receive requests to be excluded from the Class and promptly provide Class Counsel and Nord's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Nord's Counsel;

b. Provide weekly reports to the Parties regarding the number of Claim Forms received and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

c. Make available for inspection to the Parties the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

64. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator may reject any claim that is not submitted by a Class Member; is a duplicate of another claim; is reasonably suspected to be fraudulent; or is submitted after the Claims Deadline. Nord, Nord's Counsel, and Class Counsel agree to provide reasonable cooperation and assistance to the Settlement Administrator upon request of the Settlement Administrator in connection with determining the validity of claims submitted by Class Members, including where data potentially needed to validate claims cannot be transmitted directly to the Settlement Administrator due to security or other reasons. The Settlement Administrator shall include Class Counsel and Nord's Counsel on all such communications relating to determining the validity of claims and shall consider Class Counsel's and Nord's Counsel's input on such issues.

65. Late claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Nord and Class Counsel, or if ordered by the Court.

66. The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject Claim Forms that fail to comply in any material respect with the instructions in the Notice Plan or the terms of this Agreement. In the event a person submits a timely Claim Form by the Claims Deadline, but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable

opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

67. Before rejecting a claim, the Settlement Administrator will notify Class Counsel and Nord's Counsel, and both shall have the right to challenge the rejection of a Claim Form by the Settlement Administrator. The Settlement Administrator shall follow any joint decisions of Class Counsel and Nord's Counsel as to the validity of any disputed Claim Form. Where Class Counsel and Nord's Counsel disagree as to the validity of a submitted Claim Form, the Settlement Administrator will resolve the dispute, and the Claim Form will be treated in the manner designated by the Settlement Administrator.

68. The Settlement Administrator and Class Counsel shall make all necessary efforts to ensure the security and privacy of Class Member information; shall not use the information provided by Nord in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and will not share Class Member information with any third parties without advance consent from Nord, except that Nord consents to Class Counsel sharing Class Member information with consulting experts retained by Class Counsel, provided those experts have agreed to be bound by the Protective Order in this Action.

## VII. CY PRES RECIPIENTS

69. The Parties have agreed on using the National Consumer Law Center ("NCLC") and/or the National Association of Consumer Advocates ("NACA") as the Cy Pres Recipients to recommend to the Court for approval. The Parties shall comply with the requirements set forth by the Court on cy pres awards. NCLC and NACA are independent organizations with a track record

of addressing consumer fraud issues on the Internet. Such organization(s), as a condition of receiving Settlement Funds, shall commit to use the funds to promote fairness and transparency regarding the use of online negative option subscriptions. No Cy Pres Recipient shall have any affiliation with Class Counsel or their firms.

70. Each Cy Pres Recipient shall agree that, if approved by the Court, it shall provide a report to the Parties within one hundred eighty (180) days after the Effective Date and on a periodic basis not to exceed one hundred eighty (180) days thereafter, describing how it has used any Cy Pres funds and how it intends to use any remaining funds. Class Counsel shall be responsible for ensuring that such reports are posted on Class Counsel's website.

71. Neither party shall exercise any control or influence over any Cy Pres Recipient's expenditure of any Cy Pres funds.

## VIII. RELEASES

72. The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

73. The Parties agree that should the Court grant final approval of the Settlement and enter the Final Judgment, such Final Judgment shall include a provision retaining the Court's jurisdiction over the Parties to enforce the terms of this Agreement.

74. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, whether or not such Releasing Party has made a claim under the Settlement. This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.

75. Upon the Effective Date, Plaintiffs and each and every Class Member shall be bound by this Agreement, and each of them shall be enjoined from commencing or prosecuting any action in any court or tribunal asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

76. Upon the Effective Date, the Released Parties shall by operation of the Final Judgment have fully, finally, and forever released, relinquished, and discharged all claims against Plaintiffs, the Class, the Releasing Parties, Class Counsel, and any individual or entity that assisted Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the Settlement.

77. Except as explicitly provided herein, nothing in this Agreement abrogates, supersedes, modifies, qualifies, ratifies, or assumes in any way any of the contractual terms and conditions any Party may contend are applicable to any relationship that may exist between Nord and the Class Representatives or Class Members.

78. Nothing in Section VIII of this Agreement shall be a bar to a claim, complaint, action, or proceeding for breach of this Agreement.

79. The Releasing Parties and the Released Parties expressly waive any rights to bring any future or unknown claims arising out of or relating to the subject matter of the Action or Related Actions. The Releasing Parties and the Released Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever settle this Action and the Related Actions and release the Released Claims.

80. The Releasing Parties and the Released Parties acknowledge that they have consulted with legal counsel and are familiar with the provisions of California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

81. The Releasing Parties and the Released Parties, being aware of California Civil Code Section 1542, expressly waive any rights they may have under any other statute or common law principles of similar effect with respect to the claims released in this Agreement, arising out of or relating to the Action or the Related Actions.

## IX. NOTICE OF CLASS ACTION SETTLEMENT

82. The Parties agree to provide notice of the Settlement to Class Members in accordance with the Notice Plan described in this Section IX. The Parties shall agree on the form and content of notices contemplated in the Notice Plan, which must be consistent with the guidelines of the Federal Judicial Center and the Notices attached hereto as **Exhibits C and D**.

83. **Direct Notice to the Class Members.** Direct notice of the Settlement will be made to Class Members as set forth below.

a. No later than sixty (60) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice of Class Action Settlement to the Class Members.

b. Notice shall be conducted in accordance with this Notice Plan. The content of all forms of Notice, as specified in this Section IX, will be jointly agreed to by the Parties and approved by the Court.

c. Within fifteen (15) days following entry of the Preliminary Approval Order, in consultation with Class Counsel and the Settlement Administrator, Nord will provide to the Settlement Administrator and Class Counsel the following information for all Settlement Class Members (where available from Nord's records): full name, Nord account number (user_ID), and email address(es) associated with the Settlement Class Member's Nord account(s) ("Class List"). The Class List shall be confidential and will be used by the Settlement Administrator and Class Counsel for settlement purposes only. At the time of providing the aforementioned list and additional information, Nord shall provide a certification representing that they have taken reasonable steps to ensure that the data represents the most current and up to date information that Nord has for Class Members.

84. **Direct Email Notice**. By the Notice Date, the Settlement Administrator shall send direct email notice to all Class Members in the following manner:

a. The email notice (**Exhibit D**) will provide a hyperlink to the Claim Form where the Class Member can submit a Claim via the Settlement Website; will provide a hyperlink to the Settlement Website; will list contact information for the Settlement Administrator; and will provide information about the terms of the Settlement, Class Members' options, the scope of the release, a list of important deadlines, and any other pertinent information. The email notices will also provide a hyperlink to Spanish and Chinese language versions of the email notices, which in turn will direct Class Members to Spanish or Chinese language versions of **Exhibit C**, the Claim Form, and the Settlement Website. The Settlement Administrator shall provide for all necessary translations of the email notice, and the costs of such translations shall be included in the Settlement Administrator's fee.

b. The initial email notice shall be sent by the Settlement Administrator to all Class Members for whom an email address is available. Prior to dissemination, provided emails and other Class Member identification will be used to enhance contact information to improve performance. Enhancement may include identification of additional email addresses, physical addresses, and telephone numbers.

c. Forty-five (45) days prior to the Claims Deadline, the Settlement Administrator shall send an email reminder notice to Class Members who the Settlement Administrator has reasonably determined have not yet opted out, filed a claim, objected, or unsubscribed from the email campaign. The content of the email reminder notices will use materially the same language as the email notice, but the subject line will be designed by the Settlement Administrator in consultation with the Parties to remind Class Members that they have not yet made a claim. The email reminder notice will also provide a hyperlink to Spanish and Chinese language version of the email reminder notice, which in turn will direct Class Members to Spanish or Chinese language versions of other documents referenced in the English language version of the email reminder notice. The Settlement Administrator shall provide for all necessary translations of the email reminder notice, and the costs of such translations shall be included in the Settlement Administrator's fee.

d. The Settlement Administrator will monitor the email notice program and optimize the delivery of email notices and reminder email notices to maximize distribution. To ensure email notices are seen by as many Class Members as practicable, the Settlement Administrator will take steps to avoid its communications being flagged in spam filters. Such measures include using a reputable email service provider, avoiding spam trigger words in subject lines, avoiding embedding forms and video, and staggering email batches. The Settlement

Administrator will also use reasonable efforts to obtain updated email addresses for those Class Members whose emails "bounce back" and to resend notices to the updated email addresses. The Settlement Administrator shall send postcard notice or reminder notice only for those users for whom email is determined by the Settlement Administrator to be undeliverable

85. **Website Notices.** To allow for appropriate search engine indexing, the Settlement Administrator shall post the Settlement Website live on the internet a reasonable time prior to the Notice Date. No later than the Notice Date, the Settlement Administrator will post the website notice (**Exhibit C)** in a user-accessible format on the Settlement Website. The Settlement Website will be available in English, Spanish, and Chinese language versions. The Settlement Administrator shall provide for all necessary translations of the Settlement Website, and the costs of such translations shall be included in the Settlement Administrator's fee.

a. Class Counsel, Nord's Counsel, and the Settlement Administrator will jointly agree upon and select a neutral and effective domain name for the Settlement Website.

b. The Settlement Website will be user friendly and will allow Class Members to easily find and view information about this Settlement and will include the Claim Forms; answers to frequently asked questions; a list of important deadlines; and the contact information for the Settlement Administrator and Class Counsel. The Settlement Website shall also include the ability to file Claim Forms on-line as well as download the Claim Forms. The Settlement Administrator shall purchase all necessary security certificates to ensure the website appears secure in Class Members' browsers. The Settlement Administrator shall also employ best practices for search engine optimization, including a paid search campaign to help drive Class Members who are actively searching for information about the Settlement to the Settlement Website. The content of the Settlement Website and any materials posted on the Settlement

Website shall be subject to approval of Class Counsel and Nord's Counsel, including any additions or revisions to the Settlement Website design or content.

c. The Settlement Website will remain active for at least ninety (90) days following the Effective Date, or until forty-five (45) days after the second distribution of residual funds. However, the Settlement Administrator will disable online submissions through the Claim Form immediately following the Claims Deadline.

86. **Sponsored Class Action Website Listings.** The Settlement Administrator will cause the Settlement to be listed and promoted through two leading class action settlement websites, www.topclassactions.com and www.classaction.org. The notices listed on those websites shall be approved by Nord's Counsel and Class Counsel. These sites are known to create awareness of pending settlements among consumers and, will be instrumental in seeding and dispersing news of the underlying Settlement and driving Class Members to the dedicated settlement website to read and understand their rights and options under the Settlement. Top Class Actions averages 3 million monthly visitors, has approximately 900,000 newsletter subscribers, and has 145,000 Facebook followers. ClassAction.org averages 100,000 page views per month and has approximately 130,000 newsletter subscribers.

87. **Call Center Hotline**. At least twenty-four (24) hours prior to dissemination of the Notice, the Settlement Administrator shall establish a call center that will include a voice recorded interactive voice response ("IVR") system that will (i) provide Class Members with responses to frequently asked questions and provide essential information regarding the Settlement, and (ii) allow Class Members to leave voice mail messages in order to receive a return telephone call from a live operator within 48 hours. This hotline will be accessible 24 hours a day, 7 days a week. The Settlement Administrator shall provide for interpreter services for Spanish and Chinese language

callers and the costs of such interpreter services shall be included in the Settlement Administrator's fee.

88. **Additional Settlement Administrator Responsibilities.** In addition to the other responsibilities outlined in this Agreement, the Settlement Administrator shall be responsible for:

a. Establishing, designing, and maintaining the Settlement Website in consultation with Class Counsel and Nord's Counsel;

b. Disseminating email notice, reminder notice, and website notice, in accordance with this Agreement, the Notice Plan, and the Court's orders;

c. Monitoring and responding to inquiries from Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Class Counsel;

d. Accurately and objectively describing the terms of the Agreement in communications with Class Members, including training its employees and agents accordingly;

e. Preparing declaration(s) attesting to compliance with the Notice Plan and notice requirements in the Agreement, and providing such declaration(s) to Class Counsel and Nord's Counsel;

f. Accurately following the terms and procedures outlined this Agreement;

g. Seeking further clarification or authorization from Class Counsel and Nord's Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund; and

h. Otherwise assisting with implementation and administration of the terms of the Agreement.

i. No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Agreement.

89. Any material deviation from the Notice Plan must be approved in writing by the Parties and the Court.

90. All costs associated with the Notice Plan, including the fees and costs of the Settlement Administrator, shall be paid from the Settlement Fund. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

## X. APPROVAL OF SETTLEMENT & SETTLEMENT IMPLEMENTATION

91. Preliminary Approval. As soon as practicable after the execution of this Agreement, Plaintiffs will move for preliminary approval of the Settlement, submit this Agreement and Exhibits with the motion, and request that the Court grant preliminary approval. The Class Representatives will submit a proposed Order Granting Preliminary Approval of Class Action Settlement substantially in the form of **Exhibit E**, attached hereto. The order granting Preliminary Approval shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Class.

92. Compliance with the Class Action Fairness Act. The Settlement Administrator will provide CAFA Notice of the Settlement to the appropriate federal and state officials no later than ten (10) calendar days after the Agreement is filed with the Court. To the extent the costs of

providing CAFA Notice are incurred before the Escrow Account is funded, the Settlement Administrator may advance the costs of providing this CAFA Notice and shall be reimbursed from the Settlement Fund for those advanced costs once the Escrow Account is funded.

93. Procedure for Opting Out of the Class Action Settlement.

a. A Class Member may request to be excluded from the Class by sending a written request that is received by the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

b. To exercise the right to be excluded, a Class Member must timely send a written request for exclusion to the Settlement Administrator. Requests to be excluded must (i) include the full name, address, email address, and phone number of the Class Member requesting exclusion; (ii) include the following statement: "I request to be excluded from the Class and Settlement in *Zeichner v. Nordvpn, S.A., et al.*, No. 25 Civ. 02571 (S.D.N.Y.)"; and (iii) be personally signed by the Class Member who is requesting exclusion. A typed signature or an attorney's signature will not satisfy this requirement.

c. Requests to be excluded will not be valid unless all of the information described above is included. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Class, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed invalid.

d. Any Class Member who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

e. The Settlement Administrator shall provide the Parties weekly written updates identifying the number and identity of Class Members who have elected to be excluded from the Class. The final update shall be provided four (4) business days before the Final Approval Hearing.

f. If the number of Class Members who request exclusion exceeds 7.5% of the Class, then Nord may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided within seven (7) business days of the Objection/Exclusion Deadline.

g. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to request to be excluded from the Class. None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

94. Procedure for Objecting to the Class Action Settlement.

a. Any Class Member who is not an Excluded Class Member may object to the Settlement. Class Members who wish to object to the Settlement must make a written statement objecting to the Settlement. The Notice shall specify that any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline and specified in the Notice, the Class Member making the objection transmits copies of such papers he or she proposes to be submitted at the Final Approval Hearing to the Settlement Administrator, Class Counsel, and Nord's Counsel.

b. Any objection must be sent to the Settlement Administrator, Class Counsel, and Nord's Counsel and contain: (i) a reference at the beginning to *Zeichner v. Nordvpn, S.A., et al.*, No. 25 Civ. 02571 (S.D.N.Y.), (ii) the objector's full name and mailing address, email address,

telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement), (iii) the objector's basis for believing he or she is a Class Member, (iv) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, mailing address, email address, and phone number, and who, if anyone, from such counsel will appear at the Final Approval Hearing, (v) a clear and concise statement of all grounds for their objection, and (vi) the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection. In addition, any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid must include: (vii) a written statement of any legal support for such objection, (viii) copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the Court to consider when reviewing the objection; (ix) a list of all persons who will be called to testify in support of the objection, if any, and (x) a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in item (vi) submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in item (vi) has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection to this Settlement. Further, any Class Member who submits a timely written objection written or filed with the assistance of an attorney, law firm staff, or other person referenced in item (vi) shall consent to deposition by Class Counsel and/or Nord's counsel prior to the Final Approval Hearing.

c. For mailed objections, the date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date the Settlement Administrator received the written statement.

d. Class Members who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise. Any person who has timely requested exclusion from the Settlement may not submit objections to the Settlement.

e. The Parties may file with the Court written responses to any objections no later than two days before the Final Approval Hearing.

95. No Solicitation of Settlement Objections. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Judgment. None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

96. Final Approval. At least fourteen (14) days prior to the Claims Deadline, Plaintiffs shall move the Court for final settlement approval seeking: (1) final approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of the Class Members; (2) a finding that the Notice complied with the Settlement Agreement, all applicable law, and due process; (3) distribution of the Settlement Fund and approval of all settlement payments; (4) dismissal of the Action and entry of the Final Approval Order and

Judgment, substantially in the form of **Exhibit B** attached hereto. Plaintiffs' final approval motion shall also include the proposed Final Approval Order and Judgment.

97. Termination. Either Party shall have the right to terminate this Agreement if any of the following events occurs:

a. The Court does not enter an order granting preliminary approval of the Settlement, as provided herein;

b. The Court does not enter an order granting final approval of the Settlement, as provided herein;

c. The Court does not enter a Final Judgment that is materially the same as the form, attached hereto as **Exhibit B**;

d. The Court requires material alteration of any key provision of the Agreement for the Settlement to be approved, for example the releases set forth in Paragraphs 72 to 81, or the provisions in Section IV; or

e. All conditions for the Effective Date do not occur.

98. Notice of Termination. A Party shall provide written notice of an intent to terminate this Agreement to counsel for the other Party within ten (10) calendar days after receiving notice that any of the foregoing events of Termination has occurred.

99. Effect of Termination. In the event that this Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of April 29, 2026, and they shall proceed in all respects as if this Agreement, its Exhibits, and any related agreements or orders, had never been executed or entered.

100. In the event this Agreement is terminated pursuant to the specified terms enumerated in Paragraph 97, the Settlement Administrator shall, within fourteen (14) days of receiving notice of the termination date, return to Nord all funds deposited in the Escrow Account by Nord together with any actual interest or other income earned thereon, if any, less (i) any taxes paid or due with respect to such income, (ii) any reasonable Settlement Administration Expenses actually incurred and paid or payable from the Settlement Fund as authorized in this Agreement, and (iii) any Cost and Fee Award paid prior to termination pursuant to Paragraph 105 (which shall be repaid to Nord by Class Counsel as specified in Paragraph 105).

101. In the event one or more appeals are filed from the Court's Final Judgment, other than an appeal(s) or petition for review is taken solely with respect to the Cost and Fee Award and/or Service Award, the Parties shall meet and confer in good faith to determine whether any aspect of the administration of the Settlement should be stayed. Nothing, however, shall prohibit Nord from fulfilling any of its obligations above, if in the exercise of its sole discretion it chooses to do so.

102. Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or is terminated for any reason, or the settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Nord's future payment obligations shall cease. Nothing in this Paragraph alters any of the provisions concerning payment of Settlement Administration Expenses incurred before entry of the Preliminary Approval Order as set forth in Paragraph 57.

## XI. ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

103. In its Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the total amount of expenses (or best estimates for expenses not yet charged) incurred that may be subject to reimbursement.

104. If Preliminary Approval is granted, fourteen (14) days before the Objection/Exclusion Deadline, Class Counsel shall petition the Court for a Cost and Fee Award of no more than one third of the Settlement Fund as an award of attorneys' fees, plus reimbursement out of the Settlement Fund of actual out-of-pocket expenses incurred by Class Counsel and Plaintiffs' counsel in the Action and Related Actions. While the parties did not discuss the amount of attorneys' fees in their negotiations of this Settlement, Nord shall not oppose Class Counsel's fee petition save to note that Nord's Counsel may respond to inquiries from the Court.

105. The Settlement Administrator shall pay from the Settlement Fund any Cost and Fee Award approved by the Court to a QSF maintained by Wittels McInturff Palikovic named WMP Nord Section 468B Qualified Settlement Fund. The immediately foregoing transfer shall be reported for tax purposes pursuant to Section 1.468B-3(e) of the Treasury Regulations, and no IRS Form 1099 shall be issued to Wittels McInturff Palikovic in connection with such transfer. Class Counsel shall provide an IRS Form W-9 for the WMP Nord Section 468B Qualified Settlement Fund, and any IRS Form 1099 for such payment shall be issued to such payee. Such attorneys' fees and costs shall be paid in the amount approved by the Court within seven (7) days after the funds are deposited into the Escrow Account, whether or not the Effective Date has occurred notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the

Settlement, or any part thereof. In the event the Effective Date does not occur, Class Counsel agree to repay the attorneys' fees and costs, plus interest at the same rate earned by the Settlement Fund to Nord. Nord shall have responsibility for the payment of any taxes due on interest repaid to Nord from the Escrow Account. Any such repayment shall be made within fourteen (14) days of Class Counsel receiving written notice that Nord is terminating the Settlement because the Effective Date has not occurred. Each Class Counsel's law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees that the law firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph. If Class Counsel fails to repay any portion of the Fees Award as required by this Paragraph, the Court shall, upon application by Nord and notice to Class Counsel, issue such orders as appropriate to compel compliance by Class Counsel and their respective law firms, and shall, if circumstances warrant, award reasonable attorneys' fees and expenses incurred by Nord in connection with the enforcement of this Paragraph. All obligations set forth in this paragraph shall expire upon the Effective Date.

106. Should the Court award a Cost and Fee Award less than the amount sought in Class Counsel's petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund, and, after the latter of any appeal from or motion for reversal or modification of the Court's Cost and Fee Award is resolved or the deadline for filing an appeal or motion for reconsideration regarding the amount of any Cost and Fee Award has expired without the filing of an appeal or motion, such funds shall be distributed pursuant to Paragraph 60 of this Agreement.

107. Class Counsel shall have the sole and absolute discretion to allocate the Cost and Fee Award amongst Class Counsel and any other attorneys. Nord shall have no liability or other responsibility for allocation of any Cost and Fee Award.

108. The Parties will not be entitled to terminate this Settlement Agreement based on any order relating to Class Counsel's anticipated fee petition, nor any appeal from such order or reversal or modification thereof.

109. The Parties agree that the Class Representatives may apply to the Court for Service Awards to each of the Named Plaintiffs, totaling no more than USD $40,000.00, for their services in the prosecution of this matter. The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court. Named Plaintiffs understand and acknowledge that they may receive no monetary payment, and their agreement to the Settlement is not conditioned on the possibility of receiving monetary payment.

110. The Settlement Administrator, within thirty (30) days after the Effective Date, shall pay from the Escrow Account the amount of any Court-approved Service Award(s) for the Class Representatives via check, to be sent care of Class Counsel. Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to be distributed pursuant to Paragraph 60 of this Agreement.

111. It is not a condition of the Settlement that any Cost and Fee Award or Service Award be approved by the Court. Any order or proceeding relating to the amount of any Cost and Fee Award and/or Service Award, or any appeal from or reversal or modification thereof, shall not operate to modify, terminate, or cancel the settlement, or affect or delay Final Judgment.

## XII. ADDITIONAL PROVISIONS

112. Best Efforts. The Parties agree to cooperate in good faith and use their best efforts to effectuate all of their respective obligations under the Agreement, including obtaining preliminary and final settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable. If the Court suggests any modifications to the Agreement or conditions either Preliminary Approval or Final Approval on modifications to the Agreement, the Parties, shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.

113. Limited Admissibility of Agreement. This Agreement is made in compromise of a dispute. Regardless of whether the Court approves this Agreement, neither this Agreement nor anything that any of the Parties stated or did during the negotiation of this Agreement will be construed or used in any manner as:

a. an admission of liability, concession or evidence of Nord's fault, liability or wrongdoing as to any facts or claims asserted in this Action, validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or the violation of any law or statute as to any facts or claims asserted in this Action. On the contrary, Nord expressly denies any liability or wrongdoing whatsoever;

b. is, may be deemed, or shall be used, offered or received against Nord, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Plaintiffs;

c. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as to any facts or claims asserted in this Action as against any

Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

d. against Plaintiffs, the Class, the Releasing Parties, Class Counsel or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

e. an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

Notwithstanding the foregoing restrictions in this Paragraph,

f. Any Party may file this Agreement and Final Judgment (if and when such Final Judgment is entered) in any action to support a defense, counterclaim based on principles of res judicata, collateral estoppel, release good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

g. The Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the Settlement.

114. Notices. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing. Electronic mailings shall be directed as follows:

To Class Counsel

Andrey Belenky
J. Burkett McInturff

Tiasha Palikovic
WITTELS MCINTURFF PALIKOVIC
305 Broadway, 7th Floor
New York, New York 10007
Phone: (914) 775-8862
abelenky@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

Scott C. Harris
BRYSON HARRIS SUCIU & DEMAY PLLC
900 West Morgan Street
Raleigh, North Carolina
P: (919) 600-5003
sharris@brysonpllc.com

To Nord's Counsel

Jacob Sommer
Adya Baker
Michael Bleicher
ZWILLGEN PLLC
1900 M Street NW Suite 250, Washington, DC 20036
202 296 3585
jake@zwillgen.com
adya@zwillgen.com
michael.bleicher@zwillgen.com

115. Privacy. The Parties and all counsel agree that all orders and agreements in this Action regarding the preservation and confidentiality of documents and information remain in effect at all times, including after entry of the Final Judgment, including without limitation the Stipulated Protective Order entered on January 31, 2025 in *Zeichner v. Nordvpn S.A.,* No. 3:24-cv-2462-JSC (N.D. Cal.) (ECF No. 73), and all Parties and counsel remain bound to comply with them. Nothing contained in this Agreement or any order of the Court related to this Agreement, nor any act required to be performed pursuant to this Agreement is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or any other similar privilege or protective doctrine afforded by law.

116. Exhibits. The terms of this Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. Exhibits to this Agreement are an integral part of the Settlement.

117. Captions or Headings. The captions or headings of paragraphs in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

118. Defined Terms. Terms defined in this Agreement shall have their defined meanings whenever and wherever they occur herein (including in Exhibits).

119. Stay of Proceedings. The Parties agree to continue to stay all proceedings in this Action and the Related Actions, except such proceedings necessary to implement and complete the Settlement, pending the entry of Final Judgment.

120. Dismissal of Proceedings. The Parties agree to dismiss all proceedings in this Action and the Related Actions with prejudice within thirty (30) days after the Effective Date.

121. Amendment or Modification. Any amendment to this Agreement must be in writing, signed by the Parties, and expressly state that it is amending this Agreement.

122. Waiver of Compliance. No Party shall be treated as having waived any rights by not exercising (or delaying the exercise of) any rights under this Agreement. Moreover, a waiver of any breach of this Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of this Agreement.

123. Entire Agreement. This Agreement sets out all terms agreed between the Parties and supersedes all previous or contemporaneous agreements between the Parties relating to its subject matter, including but not limited to the Class Action Settlement Agreement fully executed by the Parties on July 14, 2026, which is hereby expressly superseded by this Agreement. In

entering into this Agreement neither Party has relied on, and neither Party shall have any right or remedy based on, any statement, representation, or warranty (whether made negligently or innocently), except those expressly set out in this Agreement. Class Counsel have relied on Defendants' interrogatory responses and the class-wide engagement and transactions data Defendants produced in discovery and in connection with the mediation process regarding (i) the size of the Class, (ii) the amounts Nord collected and refunded in connection with conduct challenged in the Action, and (iii) Class Members' use of and interaction with Nord's services.

124. Authorization to Enter Agreement. The Parties warrant and represent they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

125. Parties' Knowledge and Advice of Counsel. Each Party enters into this Agreement with the opportunity to seek the advice of counsel and executes and delivers this Agreement being fully informed as to its terms, content, and effect.

126. Agreement Binding on Successors in Interest. This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

127. Assignment. This Agreement, including any of the rights and duties of any Party hereto under the Agreement, may not be assigned without prior written approval by the other Party.

128. No Additional Persons with Financial Interest. Nord shall not be liable for any additional attorneys' fees and expenses of any Class Member's counsel, including any potential objectors or counsel representing a Class Member, other than what is expressly provided for in this Agreement.

129. Jurisdiction of the Court. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including all Class Members, and over the interpretation, implementation, administration, and enforcement of this Agreement.

130. No Construction Against Any Party. The terms of this Agreement have been negotiated at arm's length among knowledgeable Parties represented by experienced counsel. The Parties agree that the normal rules of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of this Agreement, as the Parties each participated in the drafting of this Agreement.

131. Extensions of Time. The Parties may agree upon a reasonable extension of time for any deadline or date reflected in this Agreement, without further notice (subject to Court approval as to dates set by the Court) to the Class.

132. Fees Not a Penalty. No consideration or amount or sum paid, credited, offered, or expended by Nord in its performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim against Nord.

133. Attorneys' Fees. Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

134. Counterparts. The Parties may execute this Agreement in counterparts, including facsimile, PDF, and other electronic copies, which taken together will constitute one instrument.

135. Governing Law and Venue.

a. ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT WILL BE GOVERNED BY NEW YORK LAW, WITHOUT REGARD TO OR APPLICATION OF NEW YORK'S CONFLICT OF LAWS RULES, AND WILL BE LITIGATED EXCLUSIVELY IN THE SOUTHERN DISTRICT OF NEW YORK BY THE

HONORABLE EDGARDO RAMOS; THE PARTIES CONSENT TO PERSONAL JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK.

b. If a Party files any claim, complaint, action, or proceeding alleging a breach of this Agreement, the successful or prevailing Party may, if appropriate, be awarded its attorneys' fees and other costs, in addition to any other relief to which the Party may be entitled. Any action or proceeding to enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with respect to the Settlement, be brought in this Court.

136. Signatures. Each person executing this Agreement warrants that such person has the full authority to do so.

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: 2026-10-06, 2026

WITTELS MCINTURFF PALIKOVIC

J. Burkett McInturff
Class Counsel

Dated: ____________________, 2026

BRYSON HARRIS SUCIU & DEMAY PLLC

______________________________

Scott C. Harris
Class Counsel

HONORABLE EDGARDO RAMOS; THE PARTIES CONSENT TO PERSONAL JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK.

b. If a Party files any claim, complaint, action, or proceeding alleging a breach of this Agreement, the successful or prevailing Party may, if appropriate, be awarded its attorneys' fees and other costs, in addition to any other relief to which the Party may be entitled. Any action or proceeding to enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with respect to the Settlement, be brought in this Court.

136. Signatures. Each person executing this Agreement warrants that such person has the full authority to do so.

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: ___________________, 2026

WITTELS MCINTURFF PALIKOVIC

_______________________________

J. Burkett McInturff
Class Counsel

Dated: 2026-10-06, 2026

BRYSON HARRIS SUCIU & DEMAY PLLC

Scott C. Harris
Scott C. Harris (Oct 6, 2026 10:35:28 EDT)

Scott C. Harris
Class Counsel

APPROVED AND AGREED TO BY NORD:

Dated: October 6th, 2026

Nordvpn S.A.,

_______________________________

Dated: October 6th, 2026

Tefincom SA d/b/a NordVPN[2]

_______________________________

Dated: October 6th, 2026

Nordsec B.V.

_______________________________

Dated: October 6th, 2026

Lagosec, Inc.

Justina Bruzgulyte

_______________________________

[2] Tefincom S.A. d/b/a NordVPN, is a liquidated entity and a signatory for purposes of resolving and releasing the claims asserted against it in the Action and Related Actions.

APPROVED AS TO FORM:

Dated: October 6, 2026

ZWILLGEN PLLC

Jake Sommer
Counsel for Nord

# Exhibit A

*Zeichner, et al. v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER)

**CLAIM FORM**

**Instructions**: You may be eligible for a payment as part of a class action settlement. To submit a claim for payment, please complete the form.

YOUR CONTACT INFORMATION

First Name: ____________________ Last Name: ________________________

U.S. Mailing Address: ________________________________________________________

Best Email to Reach You: [ ]

YOUR CLAIM INFORMATION

Notice ID Number (provided **in red** on the Notice email sent to you): [ ]

WHERE TO SEND MY PAYMENT (**PICK ONLY ONE**)

| | | | |
|---|---|---|---|
| ☐ | PayPal | | PayPal Account Email Address |
| ☐ | Zelle | | Zelle Account Email Address |
| | | | Zelle Account Phone Number |
| ☐ | Venmo | | Venmo Username |
| | | | Venmo Account Email Address |
| | | | Venmo Account Phone Number |
| ☐ | Prepaid Mastercard | Street address: | |
| | | City: | State: |
| | | Zip Code: | |
| ☐ | Check | Street address: | |
| | | City: | State: |
| | | Zip Code: | |

By submitting this claim form, I attest that I enrolled in an automatically renewing subscription to a Nord Service through NordVPN's website, nordvpn.com, and any other Nord-controlled websites including but not limited to nordcheckout.com between April 26, 2020 and January 1, 2025, while in the United States, and paid at least one subscription renewal charge that was not later fully refunded. I further consent to the use of the information provided to process my claim.

You must submit this claim form by [DATE].

Date: _______ Signature: ____________

If any of your information changes, you must promptly notify us by emailing info@XXXYYYY.com.

*If you have any questions about this claim form or the settlement, please read the full notice which is available at XXXXX.XXXXX.com. [On the electronic version of this, this should link to the Long Form Notice]*

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JORDAN ZEICHNER, TIM PETERSON, MICHAEL SASGEN, LANZY KANDEH, RENE TIO, JOHN DADDABO, DENNIS HANSCOM, and CRAIG SCHNAPPINGER,**

On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

**NORDVPN S.A, TEFINCOM S.A. d/b/a NORDVPN, and NORDSEC B.V.,**

Defendants.

Civil Case No.: 1:25-cv-2571-ER

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF THE CLASS; (2) GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement," ECF No. [XXX-X]);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of the Class Action Settlement and Related Relief (ECF No. [XXX]);

WHEREAS, on [DATE], the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel and Class Representatives, and Approval of the Notice Plan and Related Procedures (the "Preliminary Approval Order," ECF No. [XXX]);

WHEREAS, the Preliminary Approval Order *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for settlement purposes only, this action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and certified the Class; (3) appointed Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabbo, and Craig Schnappinger as Class Representatives; (4) appointed Plaintiffs' counsel as Class Counsel; (5) approved the form and manner of notice to the Class ("Class Members") and other settlement-related procedures; and (6) set the date for a hearing to consider final approval of the Settlement;

WHEREAS, notice was provided to the Class in accordance with the Court's Preliminary Approval Order, and the other components of the court-approved notice and settlement procedures were implemented;

WHEREAS, on [DATE] at [TIME] at the United States District Court for the Southern District of New York, the Honorable Edgardo Ramos held a Fairness Hearing to determine whether the Settlement's terms are fair, reasonable, and adequate, and to consider the application of Class Counsel for Service Awards for the Class Representatives and for attorneys' fees and reimbursement of expenses; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, the argument of counsel, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. For purposes of this Order and Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all Class Members pursuant to 28 U.S.C. § 1332(d)..

3. With respect to the Class, the Court finally certifies the following Class for settlement purposes only and for the reasons set forth in the Preliminary Approval Order:

> All persons in the United States who at any time between April 26, 2020 and January 1, 2025 enrolled in an automatically renewing subscription to a Nord Service through nordvpn.com and any other Nord-controlled websites including but not limited to nordcheckout.com, and paid at least one subscription renewal charge that was not later fully refunded. For purposes of this definition, renewing subscription charges appear in Nord's data as "subscription" charges, and initial enrollment charges are categorized as "authorization" charges. Customers charged only "authorization" charges but not renewing "subscription" charges are not included within the Settlement Class. For the avoidance of doubt, persons who purchased a Nord Service via the Apple App Store or Google Play Store are excluded from the Class. Also excluded from the Class are: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.

4. Pursuant to Rule 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

5. The Court reaffirms the appointment of Class Counsel and Class Representatives as set forth in the Preliminary Approval Order.

6. Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that notice was disseminated to the Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

7. The Court finds and concludes that the Notice and all other aspects of the Notice Plan, exclusion, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 and the requirements of due process; and were the best practicable under the circumstances.

8. [To be completed based on the record at final approval: There were XX objections to the Settlement, and XX Class Members requested to opt out of the Settlement.]

9. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10. The Court finds and concludes that, with respect to the Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and that the Settlement is fair, reasonable, and adequate, and should be approved.

11. The Court hereby approves the Settlement and directs the Parties to consummate the Settlement Agreement according to its terms. The Settlement Agreement's terms, including the releases therein, are fair, just, reasonable, and adequate. Upon the Effective Date, all Released Claims are fully, finally, and forever released, relinquished, and discharged. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Judgment. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Judgment.

12. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

13. Upon consideration of Class Counsel's request for Service Awards to the Class Representatives, the request is granted. The Service Awards shall be paid from the Settlement Fund in the amounts requested and on terms specified in the Settlement Agreement.

14. Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted. Class Counsel's fees and expenses shall be paid from the Settlement Fund in the amount requested and on terms specified in the Settlement Agreement.

15. This action is hereby dismissed on the merits and with prejudice. The Action is closed. Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction, to the extent necessary, to enforce the terms of the Settlement Agreement.

16. This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: __________________, 2027

______________________________________
The Hon. Edgardo Ramos
United States District Judge

# Exhibit C

# If you enrolled in an automatically renewing subscription to a Nord Service, including NordVPN or Incogni, between April 26, 2020 and January 1, 2025, you could get a payment from a class action settlement.

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

A settlement has been reached in a proposed class action against NordVPN S.A., Tefincom S.A. d/b/a NordVPN, and Nordsec B.V. ("NordVPN"). The case alleges that NordVPN's subscription autorenewal and cancellation practices violated both common law and consumer protection laws nationwide. NordVPN denies these allegations and any wrongdoing and maintains that its autorenewal and cancellation practices were at all times lawful.

You are included in the Settlement if you enrolled in an automatically renewing subscription to a Nord Service through NordVPN's website, nordvpn.com, and any other Nord-controlled websites including but not limited to nordcheckout.com, between April 26, 2020 and January 1, 2025 while in the United States and did not receive a full refund of your subscription renewal charges. The Nord Services include NordVPN, NordPass, NordLocker, Dedicated IP, ID Theft Insurance and Cyber Extortion Insurance benefits, and the third-party service Incogni, which Nord resells but does not operate. You are not included if you purchased a Nord Service via the Apple App Store or Google Play Store. Nord's records show that you were enrolled in «product_name» [only for mailed versions].

**To get Settlement money, go to [WEBSITE URL] and file your claim.**

Included users can fill out a short claim form and receive a payment averaging $49.21. The payment amount will depend on a number of factors including the number of subscription payments made and amounts paid. The payment amount will also depend on the number of claims submitted. The average amount represents approximately 70% of what included users paid for Nord Services. These amounts are estimated averages only. Your payment amount may be different. The minimum payment for included users who file a claim is $25.00.

The Settlement also recognizes that as a result of this action, NordVPN has updated its auto-renewal and cancellation practices, which benefits Settlement Class members and the general public.

Read this Notice carefully. If you are included, your legal rights are affected whether you act or do not act. The judge in charge of this case hasn't decided if the Settlement is fair yet. Payments will be made only if the judge decides the Settlement is fair and approves the Settlement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | | **DEADLINE** |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The **only** way to get a payment. You will be bound by the terms of the Settlement and will give up your right to sue NordVPN about the issues in this case. | [TK] |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue NordVPN about the issues in this case. | [TK] |
| **OBJECT** | Write to the Court and explain why you do not like the Settlement. You may attend a hearing if you wish. | [TK] |
| **DO NOTHING** | You **will not** get a payment and will give up your right to sue NordVPN about the issues in this case. | None |

*These rights and options are further explained in this Notice.*

## BASIC INFORMATION

### 1. WHY WAS THIS NOTICE ISSUED?

A Court authorized this Notice to let you know about a proposed settlement of a class action

lawsuit with NordVPN. You have legal rights and options that you may exercise before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what payments are available, and how to get them.

District Judge Edgardo Ramos of the U.S. District Court for the Southern District of New York is overseeing this class action. The case is known as *Zeichner v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER). The individuals who sued are called the Class Representatives. The companies they sued, NordVPN S.A., Tefincom S.A. d/b/a NordVPN, and Nordsec B.V., are called the Defendants.

## 2. WHAT IS A CLASS ACTION LAWSUIT?

In a class action, one or more Class Representatives sue on behalf of other people who have similar claims. Under this Settlement, these people are together called a "Class" or "Class Members," except for those who exclude themselves from the Class. In a class action, the court resolves the issues for all Class Members. After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

## 3. WHAT IS THIS LAWSUIT ABOUT?

The case challenges NordVPN's autorenewal and cancellation practices. In particular, the lawsuit claims that NordVPN violated the common law and state consumer protection law by not adequately disclosing the automatic renewal offer terms of its NordVPN, NordPass, NordLocker, Dedicated IP, ID Theft Insurance and Cyber Extortion Insurance benefits, and the third-party service Incogni, which Nord resells but does not operate in a clear and conspicuous manner, and by not providing a simple mechanism for cancellation.

NordVPN expressly denies all allegations in this litigation and any wrongdoing. NordVPN maintains that its autorenewal and cancellation practices complied with all applicable laws at all times.

More information about the lawsuit can be found in the "Court Documents" section of this settlement website at [URL TO DOCUMENTS SECTION OF WEBSITE].

## 4. WHY IS THERE A SETTLEMENT?

The lawyers representing NordVPN and the Class Representatives spent thousands of working hours on this case since it was filed in the Spring of 2024. Before proceeding to trial, both sides agreed to a settlement. The Settlement provides Class Members who submit valid claims an opportunity to receive payments without the delay and risk of continued litigation. Because this is a settlement, the Court has not decided who should win the case. Instead, the Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class

Members.

## WHO IS IN THE SETTLEMENT?

To see if you can get a payment, you first need to determine whether you are included in this lawsuit.

### 5. HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Class Member and are included in the Settlement if you fit the following description:

You were enrolled in an automatically renewing Nord Service Subscription through NordVPN's website, nordvpn.com, and any other Nord-controlled websites including but not limited to nordcheckout.com, between April 26, 2020 and January 1, 2025 while in the United States and did not receive a full refund of your subscription renewal charges.

NordVPN's records were used to identify Class Members who should have received notice. Not everybody who bought a Nord Service is included. If you didn't get a notice and think you're included, please visit [WEBSITE URL] or call [HOTLINE NUMBER].

If you received an email about this Settlement, NordVPN's records show that you may be a Class Member.

### 6. ARE THERE ANY EXCEPTIONS TO BEING INCLUDED IN THE SETTLEMENT?

Some users are excluded because they work for NordVPN or are related to the judges or lawyers in the case. Customers who purchased a Nord Service Subscription through the Apple App Store or Google Play Store are not included in the Settlement Class. The Settlement Agreement has a list of the categories of people who are excluded.

### 7. I AM NOT SURE IF I'M INCLUDED.

If you are still not sure whether you are included, you can ask for free help. You can visit [WEBSITE] or call [HOTLINE NUMBER] for more information. Or you can fill out and return the Claim Form described in Question 10 to see if you qualify. Please do not contact the Court or NordVPN.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. WHAT DOES THE SETTLEMENT PROVIDE?

NordVPN will pay $18 million to settle this case. The money will go into a "Settlement Fund" to pay for everything related to the Settlement. Most of the money will go to Class Members who submit valid claim forms (more about that in the question below). The rest will be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the Class Representatives who helped bring the lawsuit, and certain taxes.

### 9. How much will my payment be?

**The average payments will be approximately $49.21 per person. The minimum payment will be $25.00.** We can't give you an exact number right now because the payment amounts depend on several factors. These factors include (1) how many subscription payments you made, (2) the amount you paid, (3) the number of valid claims, and (4) the amount of fees, costs, expenses, awards, and taxes deducted from the settlement fund.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. How can I get a payment?

To get a payment, you must complete and submit a valid Claim Form **no later than [CLAIMS DEADLINE]**. Please file your claim electronically on [SETTLEMENT WEBSITE]. Not only is submitting online easier and more secure, but it is completely free and takes only minutes. You can get a payment by a check or electronically through an ACH transfer, prepaid Mastercard, PayPal, Zelle, or Venmo.

If you want a paper copy of the Claim Form, you can download it **here** [LINK TO CLAIM FORM], go to [SETTLEMENT WEBSITE], or call toll free, [XXX-XXX-XXXX]. If you want to submit your Claim Form by mail please send it to the Settlement Administrator at the address below:

SETTLEMENT ADMINISTRATOR
P.O. BOX XXX
ANYTOWN, ANY XXXXX

If you timely file a valid Claim Form and your claim is approved, you will receive a payment. Please read the Claim Forms carefully and provide all the information required. All Claim Forms **must be received (or postmarked if mailed) and properly completed by [CLAIMS DEADLINE]**.

### 11. When will I get my payment?

We can't give you a date yet. Payments will be made about two months after the judge approves the Settlement. The judge will consider the Settlement's fairness on [FINAL APPROVAL HEARING DATE]. Even if the judge approves the Settlement, there may be appeals. It is always

uncertain whether and when appeals can be resolved and resolving them can take more than a year. Please be patient.

All checks will expire and become void 90 days after they are issued. If there is any money left because of uncashed checks or returned electronic payments, that money may be donated to a non-profit with a track record of addressing consumer fraud issues on the internet.

The Settlement Website will be updated to inform Class Members of the progress of the Settlement.

## WHAT HAPPENS IF YOU REMAIN IN THE SETTLEMENT

### 12. WHAT AM I GIVING UP TO STAY IN THE CLASS?

Unless you exclude yourself, you will remain in the Class.

That means that if the judge approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, NordVPN for any of the issues or claims in the case—whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in paragraph 36 of the Settlement Agreement, which is available through the "Court Documents" link on the Settlement Website. If you have any questions, you can talk to the lawyers listed in Question 19 for free.

### 13. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you are a Class Member and you do nothing (meaning you don't submit a Claim Form and don't exclude yourself, you will **not** receive money from this Settlement and you will release your claims as explained above).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To exclude yourself from the Settlement, you must submit a written request for exclusion to the Settlement Administrator, stating that you want to be excluded from the Settlement in *Zeichner v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER). You must include the following statement: "I request to be excluded from the Class and Settlement in *Zeichner v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER)." To be valid, your opt-out statement must include (1) your full name, (2) your current address, (3) your email address, (4) your phone number, and (5) your signature (not typed). You must either email your exclusion request to [EMAIL ADDRESS] or mail it (postmarked) no later than **[OBJECTION / EXCLUSION DEADLINE]** to:

[SETTLEMENT ADMINISTRATOR]
ADDRESS
ADDRESS

If you ask to be excluded, you will not get any Settlement payment. You will not be legally bound by anything that happens in this lawsuit.

### 15. If I don't exclude myself, can I sue NordVPN for the same thing later?

No. Unless you exclude yourself, you give up any right to sue NordVPN for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately.

### 16. If I exclude myself, can I get money for this Settlement?

No. If you exclude yourself, you cannot submit a Claim Form to ask for any money because you will no longer be eligible for any.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 17. How do I tell the Court I do not like the Settlement?

If you are a member of the Class and you do not exclude yourself, you can ask the judge to deny approval by filing an objection. You cannot ask the judge to order a different settlement - the judge can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be made and the lawsuit will continue.

Any objection to the proposed Settlement must be in writing. If you file a written objection before the deadline, you may, but don't have to, appear at the Final Approval Hearing. If you want to appear, you can do so yourself or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must include the following:

1. A reference at the beginning to *Zeichner v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER);
2. Your full name, mailing address, email address, telephone number, and personal signature;
3. Your basis for believing you are a Class Member;
4. Whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, mailing address, email

address, and phone number, and who, if anyone, from such counsel will appear at the Final Approval Hearing;

5. A clear and concise statement of the grounds for the objection; and
6. The name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection.

In addition, for any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid, it must include the following:

7. A written statement of any legal support for such objection;
8. Copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the judge to consider when reviewing the objection;
9. A list of all persons who will be called to testify in support of the objection, if any; and
10. A detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

Further, any Class Member who submits a timely written objection written or filed with the assistance of an attorney, law firm staff, or other person who may profit from the pursuit of the objection shall consent to deposition by Class Counsel and/or NordVPN's counsel prior to the Final Approval Hearing.

Any written objection must be signed and dated and postmarked no later than [OBJECTION DEADLINE]. Mail your objection to the Court at:

United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

You may also file your objection in person at any location of the United States District Court for the Southern District of New York no later than [OBJECTION DEADLINE].

You must also serve a copy of your objection on Class Counsel no later than [OBJECTION DEADLINE] at the following addresses:

Wittels McInturff Palikovic
305 Broadway, 7th Floor
New York, New York 10007

case@wittelslaw.com

Bryson, Harris, Suciu & Demay, PLLC
900 West Morgan Street
Raleigh, NC 27603
Sharris@brysonpllc.com

## 18. What is the Difference between objecting and asking to be excluded?

Objecting means that you disagree with some aspect of the Settlement and think the judge should not approve the Settlement. You can object only if you stay in the Settlement. Excluding yourself means that you do not want to be part of the Settlement. If you exclude yourself, you will not be eligible to receive money from the settlement and you cannot object because the Settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in this case?

The Court appointed the law firms of Wittels McInturff Palikovic and Bryson, Harris, Suciu & DeMay, PLLC, to represent all Class Members. These lawyers are called "Class Counsel." Class Counsel is experienced in handling similar class action cases. More information about Class Counsel and their lawyers' experience is available at www.wittelslaw.com and https://brysonpllc.com/.

Class Counsel believes that after litigation with NordVPN for more than two years, that the Settlement is fair, reasonable, and in Class Members' best interests considering all relevant risks, including that NordVPN may be right about what the law requires or that this case may not be suitable for treatment as a class action. If the judge agreed with NordVPN on this latter point, Class Members like you would only recover any money if you hired your own lawyer and brought your own lawsuit. The costs of this lawsuit would likely far surpass the amount of any payments you made to NordVPN. With this Settlement, Class Members that submit claims are estimated to recover 70% of what they paid for Nord Services.

## 20. How will the lawyers be paid?

Class Counsel have not received any payment for their services in pursuing claims against NordVPN on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. It is customary in class actions like this one for Class Counsel to ask the Court to approve Service Awards of up to a total of $40,000 to the Class Representatives who assisted Class Counsel in prosecuting the case, and also ask the Court to approve payment of up to one-third of the settlement fund to them for attorneys' fees and expenses.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [TIME] [AM/PM] on [DATE], at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007 in Courtroom 619, 6th Floor. At this hearing the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate. ***You do not have to appear at this Fairness Hearing to receive a payment from the Settlement.***

**Note:** The date and time of the Final Approval Hearing may change and the hearing may be held by telephone or video conference, but any changes will be posted at this Settlement Website here [LINK TO PAGE WITH INFO], or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov.

### 22. Do I have to come to the hearing?

No. Class Counsel and NordVPN's lawyers will answer any questions the Judge may have. You may attend at your own expense if you wish.

### 23. May I speak at the hearing?

If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Zeichner v. NordVPN S.A., et al.*, No. 1:25-cv-2571 (ER)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [DEADLINE] and be sent to the Clerk of the Court at the address in question. You cannot speak at the hearing if you excluded yourself from the Settlement.

## GETTING MORE INFORMATION

### 24. Are there more details about the Settlement?

This notice summarizes the Settlement. More details are in the Settlement Agreement, in the Court's Orders, and other relevant documents, which are available at [WEBSITE].

## 25. How do I get more information?

You can call the Claims Administrator hotline at XXX-XXX-XXXX, write to [XYZ SETTLEMENT, P.O. Box 0000, CITY STATE] or explore [WEBSITE], where you can submit a Claim Form, find a Claim Form, key documents in the case, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You can also contact Class Counsel at 914-775-8862 or 919-600-5003.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

By order of the United States District Court for the Southern District of New York.

# Exhibit D

**Sender Email:** **[EMAIL ADDRESS]**

**Sender Name:** NordVPN Class Action Settlement Administrator

**Subject Line**: Notice of Refund from NordVPN

---

**Notice ID: [Notice ID number] (must be red)**
**Confirmation Code: (must be red)**

**IF YOU WERE ENROLLED IN AN AUTOMATICALLY RENEWING SUBSCRIPTION, THROUGH A NORD WEBSITE, TO A NORD SERVICE, INCLUDING NORDVPN OR INCOGNI, BETWEEN APRIL 26, 2020 AND JANUARY 1, 2025 IN THE UNITED STATES, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**THE AVERAGE PAYMENT IS ESTIMATED TO BE ABOUT $49.21. YOU MUST SUBMIT A CLAIM FORM BY [DATE], WHICH WILL ONLY TAKE ABOUT 3 MINUTES.**

***This is a Court-approved Legal Notice. This is not an advertisement. You are not being sued.***

[INSERT FOR SPANISH LINK]
[INSERT FOR CHINESE LINK]

A Settlement has been reached in a proposed class action against NordVPN S.A., Tefincom S.A. d/b/a NordVPN, and NordSec B.V. ("NordVPN"). NordVPN offers products to provide internet users with privacy and internet security, including services called "NordVPN" and "Incogni." The case alleges that NordVPN's autorenewal and cancellation practices violated both common law and consumer protection laws nationwide. NordVPN expressly denies all such allegations and any wrongdoing. NordVPN maintains that its autorenewal and cancellation practices complied with all applicable laws at all times.

You must fill out a short claim form by [DATE] to get your payment, which the lawyers in the case estimate to be about $49.21. Click below to submit your claim.

CLAIM NOW BUTTON

**Who is included?** You are included if you were enrolled in an automatically renewing Nord Service, such as NordVPN or Incogni, through NordVPN's website, nordvpn.com, and any other Nord-controlled websites including but not limited to nordcheckout.com, between April 26, 2020

and January 1, 2025 while in the United States and did not receive a full refund of your subscription renewal charges. You are not included if you purchased a Nord Service through the Apple App Store or Google Play Store. The Nord Services include NordVPN, NordPass, NordLocker, Dedicated IP, Incogni ID and theft insurance and cyber extortion insurance benefits including NordProtect. NordVPN's records show that you purchased «product_name» and can get a payment from the Settlement.

**To get Settlement money, click here to file your claim**.

For more information, please go to [WEBSITE].

**What can I get?** The lawyers in this case estimate that you could receive approximately $XX.XX, with a minimum payment of $25.00. The $49.21 amount is only an estimated average. Your payment amount may be different. You must fill out a short claim form by [**DATE**] to receive your payment. The payment amount will depend on a number of factors including the number of subscription payments you made and the amounts you paid. The settlement payment amount will also depend on the number of claims submitted.

**How do I get my money?** You have to fill out a short claim form by [**DATE**]. It takes about 3 minutes to file your claim. You can fill one out now by **clicking here** or you can submit one online at [WEBSITE]. Submitting a claim online is easy, secure, and completely free. You can also get a paper claim form from [WEBSITE] or by calling toll free, [XXX-XXX-XXXX]. Paper claim forms are also available by emailing [EMAIL ADDRESS].

**What does the Settlement provide?** Under the Settlement, NordVPN will allocate $18 million and establish a Settlement Fund.

The Settlement also recognizes that as a result of this action, NordVPN has updated its auto-renewal and cancellation practices, which benefits Settlement Class members and the general public.

Please visit [WEBSITE] for more information.

**Do I have a lawyer in the case?** If you are receiving this Notice, NordVPN's records show you are likely included in the Class and therefore have a lawyer in this case. The Court appointed the law firms Wittels McInturff Palikovic and Bryson, Harris, Suciu & Demay, PLLC as "Class Counsel" to represent the Class Members in this case. You do not have to pay Class Counsel or anyone else to participate. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Your other options**. If you are included in the Settlement and do nothing, your rights will be affected and you won't get a payment. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [**DATE**]. Unless you exclude yourself, you won't be able to sue NordVPN for any claim made in this lawsuit or released by the Settlement Agreement. If you exclude yourself, you won't receive payment. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at

the Final Approval Hearing – at your own cost – but you don't have to. Objections are due by [**DATE**]. More information about these options is available at [WEBSITE].

**When will the judge consider the proposed settlement?** The Court will hold the Final Approval Hearing at [TIME] [AM/PM] **on** [**DATE**] in Courtroom 619 (6th Floor) of the United States Courthouse, 40 Foley Square, New York, NY 10007. At the Final Approval Hearing, the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate. The date of the Final Approval Hearing may change without further notice, and Class Members should check [WEBSITE] or the Court's docket to confirm that the date has not changed.

This Notice is only a summary.

For more information, visit [WEBSITE] or you can contact the Settlement Administrator by sending an email to [EMAIL ADDRESS] or by calling [XXX-XXX-XXXX].

# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JORDAN ZEICHNER, TIM PETERSON, MICHAEL SASGEN, LANZY KANDEH, RENE TIO, JOHN DADDABO, DENNIS HANSCOM, and CRAIG SCHNAPPINGER,**

On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

**NORDVPN S.A., TEFINCOM S.A. d/b/a NORDVPN, and NORDSEC B.V.,**

Defendants.

Civil Case No.: 1:25-cv-2571-ER

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, Defendants NordVPN S.A., Tefincom S.A. d/b/a NordVPN, and NordSec B.V. ("Defendants") and Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabo, Dennis Hanscom, and Craig Schnappinger ("Plaintiffs") (collectively, the "Parties") in this proposed class action (the "Action") have entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. [XXX]);

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Settlement Terms. Unless otherwise defined herein, all capitalized terms shall have the same definitions as set forth in the Settlement Agreement.

2. Jurisdiction. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3. Preliminary Approval of Proposed Settlement. The Court has considered the pleadings and arguments made by Plaintiffs in support of the Preliminary Approval Motion and finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement. The Court preliminarily finds that the Settlement is the result of informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including two full-day in-person mediation sessions before Marc E. Isserles, Esq., an experienced class action mediator, on July 15, 2025, and April 14, 2026, and a virtual mediation session before Mediator Isserles on September 2, 2025.

4. The Court likewise preliminarily finds that the Settlement meets the applicable requirements of law, including Rule 23(e); that the relief provided to the Class is adequate; that Plaintiffs and Plaintiffs' counsel have adequately represented the Class; and that the Settlement treats Class Members equitably relative to each other. The Court therefore grants preliminary approval of the Settlement, including the terms and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits.

5. Settlement Class. The Court preliminarily finds for settlement purposes only that Plaintiffs have met the requirements for class certification under Rules 23(a) and (b) and finds that:

a. the Class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the Class;

c. the claims of Plaintiffs are typical of the claims of the Class;

d. Plaintiffs will fairly and adequately protect the interests of the Class;

e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. For settlement purposes only, the Court provisionally certifies the following class under Rule 23(e):

> All persons in the United States who at any time between April 26, 2020 and January 1, 2025 enrolled in an automatically renewing subscription to a Nord Service through nordvpn.com and any other Nord-controlled websites including but not limited to nordcheckout.com, and paid at least one subscription renewal charge that was not later fully refunded. For purposes of this definition, renewing subscription charges appear in Nord's data as "subscription" charges, and initial enrollment charges are categorized as "authorization" charges. Customers charged only "authorization" charges but not renewing "subscription" charges are not included within the Settlement Class. For the avoidance of doubt, persons who purchased a Nord Service via the Apple App Store or Google Play Store are excluded from the Class. Also excluded from the Class are: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.

7. Class Representatives. For settlement purposes only, the Court preliminarily appoints Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabo, Dennis Hanscom, and Craig Schnappinger as Class Representatives.

8. Class Counsel. For settlement purposes only, the Court preliminarily finds that Plaintiffs' counsel meet the requirements of Rule 23(g) and appoints Andrey Belenky, J. Burkett

McInturff, Tiasha Palikovic, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic, and Scott C. Harris of Bryson, Harris, Suciu & DeMay, PLLC, as Class Counsel.

9. Settlement Administrator. The Court hereby approves Fidexis, LLC ("Fidexis") to act as Settlement Administrator. Fidexis shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10. Qualified Settlement Fund. Fidexis is authorized to establish the Qualified Settlement Fund ("QSF") pursuant to the terms and conditions set forth in the Settlement Agreement.

11. Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23. The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

12. Exclusion and Objection Procedure. The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or object to, the Settlement. The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

13. Schedule of Future Events. The Court adopts Plaintiffs' proposed schedule of future events as set forth below:

| EVENT | DATE |
|---|---|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 60 days after entry of the Court's Preliminary Approval Order |

| | |
|---|---|
| Deadline for motion for final approval of all Settlement terms | At least 14 days prior to the Claims Deadline |
| Claims Deadline | 90 days after Notice Date |
| Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 2 days before the Final Approval Hearing |
| Final Approval Hearing | Not less than 150 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

14. Final Approval Hearing. A Final Approval Hearing is scheduled for___________, 2027 at ___________. The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members. The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

15. All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, no Party nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

16. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the certification of the Class will be deemed vacated.

17. No Admission of Liability. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants. The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

18. Retention of Jurisdiction. The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.

**IT IS SO ORDERED**

Dated: ____________________, 2026

______________________________
The Hon. Edgardo Ramos
United States District Judge