# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JORDAN ZEICHNER, TIM PETERSON, MICHAEL SASGEN, LANZY KANDEH, RENE TIO, JOHN DADDABO, DENNIS HANSCOM, and CRAIG SCHNAPPINGER,**

On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

**NORDVPN S.A., TEFINCOM S.A. d/b/a NORDVPN, and NORDSEC B.V.,**

Defendants.

Civil Case No.: 1:25-cv-2571-ER

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, Defendants NordVPN S.A., Tefincom S.A. d/b/a NordVPN, and NordSec B.V. ("Defendants") and Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabo, Dennis Hanscom, and Craig Schnappinger ("Plaintiffs") (collectively, the "Parties") in this proposed class action (the "Action") have entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. 77-1);

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Settlement Terms. Unless otherwise defined herein, all capitalized terms shall have the same definitions as set forth in the Settlement Agreement.

2. Jurisdiction. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3. Preliminary Approval of Proposed Settlement. The Court has considered the pleadings and arguments made by Plaintiffs in support of the Preliminary Approval Motion and finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement. The Court preliminarily finds that the Settlement is the result of informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including two full-day in-person mediation sessions before Marc E. Isserles, Esq., an experienced class action mediator, on July 15, 2025, and April 14, 2026, and a virtual mediation session before Mediator Isserles on September 2, 2025.

4. The Court likewise preliminarily finds that the Settlement meets the applicable requirements of law, including Rule 23(e); that the relief provided to the Class is adequate; that Plaintiffs and Plaintiffs' counsel have adequately represented the Class; and that the Settlement treats Class Members equitably relative to each other. The Court therefore grants preliminary approval of the Settlement, including the terms and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits.

5. Settlement Class. The Court preliminarily finds for settlement purposes only that Plaintiffs have met the requirements for class certification under Rules 23(a) and (b) and finds that:

a. the Class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the Class;

c. the claims of Plaintiffs are typical of the claims of the Class;

d. Plaintiffs will fairly and adequately protect the interests of the Class;

e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. For settlement purposes only, the Court provisionally certifies the following class under Rule 23(e):

> All persons in the United States who at any time between April 26, 2020 and January 1, 2025 enrolled in an automatically renewing subscription to a Nord Service through nordvpn.com and any other Nord-controlled websites including but not limited to nordcheckout.com, and paid at least one subscription renewal charge that was not later fully refunded. For purposes of this definition, renewing subscription charges appear in Nord's data as "subscription" charges, and initial enrollment charges are categorized as "authorization" charges. Customers charged only "authorization" charges but not renewing "subscription" charges are not included within the Settlement Class. For the avoidance of doubt, persons who purchased a Nord Service via the Apple App Store or Google Play Store are excluded from the Class. Also excluded from the Class are: (a) Defendants and any parent, subsidiary, or affiliate of Defendants; (b) any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; (c) any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; (d) all federal, state and local government entities; and (e) any judge, justice or judicial officer presiding over the Action and the members of their immediate families or judicial staff.

7. Class Representatives. For settlement purposes only, the Court preliminarily appoints Plaintiffs Jordan Zeichner, Tim Peterson, Michael Sasgen, Lanzy Kandeh, Rene Tio, John Daddabo, Dennis Hanscom, and Craig Schnappinger as Class Representatives.

8. Class Counsel. For settlement purposes only, the Court preliminarily finds that Plaintiffs' counsel meet the requirements of Rule 23(g) and appoints Andrey Belenky, J. Burkett

McInturff, Tiasha Palikovic, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic, and Scott C. Harris of Bryson Harris Suciu & DeMay PLLC, as Class Counsel.

9. Settlement Administrator. The Court hereby approves Fidexis, LLC ("Fidexis") to act as Settlement Administrator. Fidexis shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10. Qualified Settlement Fund. Fidexis is authorized to establish the Qualified Settlement Fund ("QSF") pursuant to the terms and conditions set forth in the Settlement Agreement.

11. Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23. The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

12. Exclusion and Objection Procedure. The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or object to, the Settlement. The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

13. Schedule of Future Events. The Court adopts Plaintiffs' proposed schedule of future events as set forth below:

| EVENT | DATE |
| --- | --- |
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 60 days after entry of the Court's Preliminary Approval Order |
| Deadline for motion for final approval of all Settlement terms | At least 14 days prior to the Claims Deadline |
| Claims Deadline | 90 days after Notice Date |
| Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 2 days before the Final Approval Hearing |
| Final Approval Hearing | Not less than 150 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

14. Final Approval Hearing. A Final Approval Hearing is scheduled for___________, 2027 at ___________. The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members. The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

15. All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, no Party nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

16. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement

Agreement had never been reached or proposed to the Court. In such an event, the certification of the Class will be deemed vacated.

17. No Admission of Liability. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants. The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

18. Retention of Jurisdiction. The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.

**IT IS SO ORDERED**

Dated: ____________________, 2026

________________________________
The Hon. Edgardo Ramos
United States District Judge